## Case No. 11,430.

### The PRINCESS ALEXANDRA.

[8 Ben. 209.] [3]

District Court, E. D. New York.   July, 1875.

PILOTAGE—CONSTRUCTION OF STATE LAW.

The construction put by the highest court of a state upon a law of the state becomes a part of the law of the state, and is binding upon the courts of the United States in actions depending on that law, notwithstanding a different construction had been previously put on the state law by the supreme court of the United States.

[Cited in Winona & St. P. R. Co. v. Deuel County, 3 Dak. 1, 12 N. W. 569.]

In admiralty.

Thos. E. Stillman, for libellant.

Dunning, Edsall & Hart, for claimant.

1 [Reported by Samuel Blatchford, Esq.]
2 [Affirming Case No. 11,428.]
3 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

BENEDICT, District Judge. This is an action for off-shore pilotage, claimed by a pilot, whose services were first tendered to the bark Princess Alexandra and refused. The right to recover is conceded to depend upon the question whether the construction put upon the pilot laws of this state by the court of appeals of this state in the late case of Gillespie v. Zittloson, 60 N. Y. 449, is to be considered binding upon this court, notwithstanding the fact that the supreme court of the United States, in Ex parte McNeill, 13 Wall. [80 U. S.] 236, previous to any decision by the court of appeals, had placed a different construction upon the state law.

Upon this question—and I confine my decision to the question presented by the advocates, as above stated—my opinion is that the decision of the highest court of the state of New York as to the effect of the pilot laws of that state, is to be treated as becoming part of the law of the state, and so binding upon this court in an action depending upon that law. The libel is accordingly dismissed, but without costs.